**UNITED STATES v. LANARO et al.**

**No. 5458.**

District Court, E. D. New York.

June 29, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Francis F. Giles, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendant Antonio Lanaro.

GALSTON, District Judge.

This is a padlock proceeding wherein it is alleged that the defendant Antonio Lanaro was the occupant of the premises in question, and the defendant Elizabeth M. Segelken was the owner. Answers were interposed, both denying that Lanaro was the occupant of the premises.

At the trial it was proved that Lanaro, or at least a person of the same name as the defendant herein, had on December 5, 1930, and February 4, 1931, pleaded guilty to both possession and maintenance of a nuisance in the premises herein involved, and that William Malloy pleaded guilty on February 6, 1931, to unlawful possession of intoxicating liquor in the same premises.

That proof, it seems to me, connects the defendant Lanaro as one in control of the premises during the period of the violation complained of. The inference is inescapable that he was the occupant.

The only evidence introduced by the defendants was the lease of the premises in question from the owner, Segelkin, to one Cappuccio, for a period of two years from September 1, 1930. It is obvious that the existence of the lease does not of itself dispel the proof of occupancy of Lanaro.

Accordingly, I find that Lanaro was the occupant, that the premises were used as a nuisance, and that the complainant is entitled to a decree in accordance with the complaint.

The contention of the defendants that such decree would violate the rights of the lessee is idle. He is not a party to the action, nor was it necessary for the complainant to name him as a party defendant. He could, had he so desired, have filed a petition for intervention.

Submit findings of fact and conclusions of law in accordance with the foregoing opinion. Settle decree on notice.